*Scott & Little, for appellant.*

*Jno. Rodman, for appellee.*

---

## J. H. McMullin *v.* J. G. Dodge.

**Trade-marks and Trade-names—Unfair Competition.**

Where D. used the trade-mark "Kentucky Bells" on bells manufactured by him, the use of the words "Kentucky Stock Bells" on bells manufactured by M. constitutes unfair competition, and M. may be enjoined.

**Trade-marks and Trade-names—Pleading.**

Where plaintiff sued to enjoin defendant from committing apprehended injury by unfair competition, it is not necessary to allege and prove actual injury as a prerequisite to recovery.

44

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 3, 1873.

OPINION BY JUDGE LINDSAY:

The name adopted by Dodge for the bell manufactured by him, which by long and continuous use he became entitled to as a trade-mark, was that of "Kentucky Bell." He did not use the word "Kentucky" to indicate the place at, or the state within which his bells were manufactured, but appropriated the words "Kentucky Bell" as the name of his work and made the combination his trade-mark, by attaching it to the goods he manufactured.

Appellant could have shown upon the bells manufactured by him, that they were manufactured in the state of Kentucky without using the name of the state so as to create the impression upon the minds of ordinary observers that they were the "Kentucky Bells," manufactured by Dodge. The fact that he inserted between the words "Kentucky" and "Bell" the word "Stock" amounts to nothing. His bells are similar in size, shape, and color to those manufactured by Dodge. His label is printed upon paper very nearly the same color with that used by appellee. The word "Stock" conveys no information to the purchaser of the bells, as they show for themselves that they are stock bells.

The evidence in this case raises the presumption that the label used by Offett was intended to be an imitation of the trade mark of Dodge, and that it was well calculated to deceive the public, and to injure his business. As this is not an action for damages it was not necessary to allege or prove actual injury. It was for the purpose of being protected against the apprehended injury that Dodge prayed for an injunction. The judgment of the chancellor is not more comprehensive than it should have been.

Judgment *affirmed.*

*Fox, for appellant.*

*James Harrison, for appellee.*